**Dated: January 22, 2025**

**The following is ORDERED:**



PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In re:

CAROLINE HOPE VAN HORN                  Case No. 24-80426-PRT
              Debtor.                             Chapter 7

OKLAHOMA HERITAGE BANK
              Plaintiff,

v.                                                                     Adversary Case No. 24-8014-PRT

CAROLINE HOPE VAN HORN,
              Defendant.

## ORDER DENYING MOTION TO DISMISS

The Defendant Caroline Hope Van Horn seeks dismissal of this case pursuant to Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012(b).[1] After review of the record and applicable legal authorities, the Court finds that the Plaintiff has set forth claims upon which relief may be granted; therefore, this motion shall be denied.

---

[1] ECF No. 6.

## Background

The Plaintiff filed this adversary case alleging that the Defendant and her ex-husband, Scott Brendan Sweeney, obtained loans from the Plaintiff to be used in two businesses owned by the Debtor and Mr. Sweeney, and personally guarantied those loans. The Plaintiff alleges three causes of action. The first seeks to except the loans from discharge pursuant to 11 U.S.C. § 523(a)(2)(A)[2] as they were allegedly obtained under false pretenses or actual fraud by misrepresenting the purpose and use of the funds. The second cause of action seeks to except the loans from discharge pursuant to § 523(a)(2)(B) as they were made in reliance on false financial statements prepared by Mr. Sweeney with the assistance of the Defendant. The third cause of action is based on § 523(a)(6) and alleges that the loan proceeds were willfully misappropriated and misused, and resulted in a significant decrease in the value of the Plaintiff's collateral.

## Analysis

### Dismissal for filing Complaint out of time

The Defendant alleges that the Plaintiff's Complaint was filed more than sixty days after the first date set for the meeting of creditors, requiring dismissal pursuant to Fed. R. Bankr. P. 4004(a) for objections to discharge under § 727, and Fed. R. Bankr P. 4007 for determinations as to dischargeability of any debt. At a hearing on this Motion, the Plaintiff represented that it is not pursuing an action under § 727, but is solely focused on excepting these debts from discharge pursuant to § 523.

---

[2] Unless otherwise noted, all statutory references are to the United States Bankruptcy Code, 11 U.S.C. § 101 et seq.

The deadline for filing an adversary proceeding to determine dischargeability of a debt pursuant to § 523(a)(2), (4), or (6) was August 30, 2024.[3] Prior to that deadline, the Plaintiff filed in the main bankruptcy case a motion seeking a 14-day extension of that deadline to September 13, 2024.[4] The Court granted that motion on October 16, 2024.[5] The Plaintiff filed its Complaint on September 12, 2024.[6] Thus, the Plaintiff's Complaint was timely filed.

**Dismissal pursuant to Fed. R. Civ. P. 12(b)(6)**

In analyzing a Rule 12(b)(6) motion, a court should assume the truth of all well-pleaded facts in the complaint and draw all reasonable inferences therefrom in the light most favorable to the plaintiff.[7] The court should not dismiss even if it appears unlikely the allegations can be proven.[8] In urging dismissal, the Defendant challenges the sufficiency of the allegations, characterizing them as vague, lacking factual support, and mere labels and conclusions.

The Plaintiff's Complaint is very detailed and includes exhibits in support of its allegations. The Complaint alleges that the Defendant and her ex-husband owned businesses during their marriage and obtained loans from the Plaintiff based on fraud and false financial statements. The Defendant was married to Mr. Sweeney at the time of the alleged fraudulent activity, and the Complaint identifies promissory notes, mortgages, and personal guaranties made by the Debtor.

---

[3] Case No. 24-80426, ECF No. 3.

[4] Case No. 24-80426, ECF No. 34.

[5] Case No. 24-80426, ECF No. 51 and 52.

[6] ECF No. 1.

[7] *Dias v. City & County of Denver*, 567 F.3d 1169, 1178 (10th Cir.2009).

[8] *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombley,* 544 U.S. 544, 556 (2007).

It identifies 24 specific transactions where loan proceeds meant for business expenses were transferred to the Debtor's and her ex-husband's joint personal bank account and used for personal expenses, including payments to American Express, the IRS, and the Defendant's mother. These allegations include the date of the transfers, the amount of the transfers and in some cases, the actual creditor who was paid. The Complaint also includes copies of financial statements provided to the Plaintiff, alleged to be false, which her ex-husband testified she had knowledge of at the time they were prepared and provided to the Plaintiff. When these allegations are taken as true and viewed in a light most favorable to the Plaintiff, the Complaint sufficiently sets forth causes of action under § 523(a)(2)(A) and (B) and (a)(6) that are plausible on their face. The Court finds these allegations of fraud and misrepresentation anything but vague, reciting specific facts rather than labels or conclusions. Moreover, the allegations of fraud are sufficiently detailed and plead with particularity to comply with Fed. R. Civ. P. 9(b). Allegations of malice, intent, knowledge and similar "conditions of a person's mind" may be general in nature, rather than stated with particularity.[9] The Court is not tasked with making findings of fact and conclusions of law at this stage of the litigation. It is only reviewing the Complaint to determine whether it contains sufficient factual information, specific rather than general in scope, to state a claim for relief that is plausible on its face.[10] The Court therefore concludes that the Complaint contains sufficient factual information to support the Plaintiff's claims against the Defendant pursuant to § 523(a)(2)(A) and (B), and (a)(6).

---

[9] Fed. R. Civ. P. 9(b), made applicable by Fed. R. Bankr. P. 7009.

[10] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## Order of the Court

For the reasons stated herein,

IT IS HEREBY ORDERED that the Defendant Caroline Hope Van Horn's Motion to Dismiss (ECF No. 6) is **denied.** The Defendant shall file her Answer in accordance with the Federal Rules of Bankruptcy Procedure.

# # #